UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>    v.<br><br>WILLIAM HENRY SCOVEL,<br><br>                Defendant. | Case No. 21CR1123-H<br><br>ORDER DENYING DEFENDANT'S MOTION FOR BAIL AND AFFIRMING THE MAGISTRATE JUDGE'S DETENTION ORDER<br><br>(Doc. No. 20.) |

Pending before the Court is Defendant William Henry Scovel's ("Defendant") appeal of the Magistrate Judge's detention order, filed on May 13, 2021. (Doc. No. 20.) Magistrate Judge Linda Lopez granted the Government's motion to detain the Defendant based on risk of flight but denied the Government's motion to detain the Defendant based on danger to the community.[1] (Doc. No. 16.) The Defendant now moves this Court to revoke the Magistrate Judge's detention order and set bail. The Court has jurisdiction to hear this matter under Title 18 U.S.C. § 3145(b) and is required to determine the Defendant's motion promptly. On May 17, 2021, the Court held a hearing on the appeal. (Doc. No. 24.) Assistant United States Attorney A. Dale

---

[1] The Government did not cross-appeal the Magistrate Judge's order denying the Government's motion to detain based on danger to the community. Accordingly, the Court's ruling only addresses whether there is a preponderance of the evidence that the Defendant is a flight risk.

-1-

Blankenship appeared on behalf of the Government. Attorney Benjamin P. Davis of Federal Defenders of San Diego, Inc. appeared on behalf of the Defendant. Pretrial Services Officer Marcia Flores appeared on behalf of the United States Pretrial Services Office. A district judge reviews *de novo* a magistrate judge's decision to detain a defendant without deference to the magistrate judge's ultimate conclusion. United States v. Koenig, 912 F.2d 1190 (9th Cir. 1990). However, "the district court is not required to start over in every case, and proceed as if the magistrate's decision and findings did not exist." Id at 1193.

The Bail Reform Act, Title 18 U.S.C. § 3142(g), requires the Court to consider certain factors in determining whether to detain or release a defendant: (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, record concerning appearance at court proceedings, and whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.

When considering the nature of the offenses charged, the Court also considers the penalties associated with the charges. United States v. Townsend, 897 F.2d 989, 995 (9th Cir. 1990). Additionally, "the weight of the evidence is the least important of the various factors." United States v. Motamedi, 767 F.2d 1403, 1408 (9th Cir. 1985) (internal citations omitted). The Defendant is charged with one count of being a felon in possession of a firearm in violation of Title 18 U.S.C. §§ 922(g)(1) and 924(a)(2). If

convicted, the Defendant faces a possible maximum imprisonment term of 10 years.

The Government bears the burden of showing by a preponderance of the evidence that a defendant poses a flight risk. Id at 1406. While a finding that a defendant is a danger to any other person or the community must be supported by clear and convincing evidence. United States v. Hir, 517 F.3d 1081, 1086 (9th Cir. 2008) (citing 18 U.S.C. § 3142(f)(2)(B)). Furthermore, the Court is prohibited from imposing a financial condition that would result in the de facto detention of a defendant. 18 U.S.C. § 3142(c)(2); See also United States v. Diaz-Hernandez, 943 F.3d 1196, 1199 (9th Cir. 2019) (Affirming the district judge's detention order based on the district court's finding that the defendant would not be able to post bond in the amount that the district judge theorized would reasonably assure the defendant's appearance.).

The following factors weigh in favor of setting bail: (1) The Defendant is a citizen of the United States; (2) the Defendant has ties to the community and no ties to any foreign country; and (3) the Defendant has strong family support. The following factors weigh in favor of detention based on risk of flight: (1) The Defendant has substance abuse history, including daily methamphetamine use; (2) the Defendant has significant criminal history which include four felony convictions involving auto theft, evading a peace office and felon in possession of a firearm, and also has three misdemeanor convictions; (3) the Defendant's criminal history include offenses committed while he was on supervision; (4) the Defendant has failed to appear for court proceedings on at least five occasions in four separate criminal proceedings; (5) the Defendant has history of non-compliance while of supervision including numerous probation violations; (6) the Defendant if facing a substantial penalty if convicted due to the nature of the offense and because the Defendant has a significant criminal history; and (7) the evidence that the Defendant committed the offense is strong but the Court gives this factor the least weight.

The numerous factors weighing in favor of detention based on risk of flight outweigh the few factors weighing in favor of setting bail. The Defendant has numerous

prior failures to appear for court proceedings which is concerning to the Court and directly addresses whether he is a risk of flight. See <u>United States v. Santos-Flores</u>, 794 F.3d 1088, 1092 (9th Cir. 2015) ("Consideration of a defendant's record concerning appearance at court proceedings and other past conduct is proper under [the Bail Reform Act,] 18 U.S.C. § 3142(g)(3)(A)."). Additionally, the Defendant has numerous probation violations which leaves the Court with little confidence that the Defendant will comply with the terms and conditions of bail and appear for court proceedings when ordered. See <u>United States v. Wero</u>, No. CR09-8056-PCT-DGC, 2009 WL 1797853, at *3 (D. Ariz. June 24, 2009) (Campbell, J.) ("[T[he Court is concerned that a defendant who so routinely disregards court orders… will fail to appear in a matter where he might face a significant prison sentence."). The Court notes that the Defendant's ties to the community and family support were not enough to dissuade the Defendant from failing to appear for prior court appearances and from violating the terms and conditions of his probation. At this point, the Court has no reason to believe that the Defendant's community ties and family support would alleviate the Defendant's risk of flight.

After *de novo* review of the current record before the Court and upon considering the factors set forth under the Bail Reform Act, 18 U.S.C. § 3142, the Court agrees with the Magistrate Judge's conclusion, finds by a preponderance of the evidence that the Defendant is a flight risk, and finds that no condition or combination of conditions will reasonably assure the appearance of the Defendant. Accordingly, based on the current record before the Court, the DENIES the Defendant's motion to set bail and AFFIRMS the Magistrate Judge's detention order.

IT IS SO ORDERED.

DATED: <u>May 17, 2021</u>

HONORABLE MARILYN L. HUFF
UNITED STATES DISTRICT JUDGE

Copy to:   Honorable Linda Lopez
           United States Magistrate Judge