1

2

3

4

5

6

7 **UNITED STATES DISTRICT COURT**

8 **SOUTHERN DISTRICT OF CALIFORNIA**

9

10  UNITED STATES OF AMERICA,       Case Nos. 21cr1109-H; 21cr1110-H

11            Plaintiff,           21cr1111-H; 21cr1112-H
                                         21cr1113-H; 21cr1114-H

12                                          21cr1115-H; 21cr1116-H

13           v.                           21cr1117-H; 21cr1118-H
                                         21cr1119-H; 21cr1120-H

14                                          21cr1121-H; 21cr1122-H

15  LONG NGOC TRAN, ET AL,          21cr1123-H; 21cr1124-H

16          Defendants.      ORDER APPOINTING

17                                  COORDINATING DISCOVERY
                                 ATTORNEY

18

19

20        Good cause having been shown and for reasons set forth in the motion of defense

21 counsel Frederick M. Carroll, the Court GRANTS defense counsel's motion to appoint

22 a Coordinating Discovery Attorney ("CDA") in these cases. (Doc. No. 110 in Case No.

23 21cr1109-H.) Accordingly, the Court appoints attorney John C. Ellis, Jr., California

24 State Bar No. 228083, as the CDA in these cases for the sole purpose of coordinating

25 discovery. See United States v. Flores, No. CR 12-00119 SI, 2014 WL 1308608, at *1

26 (N.D. Cal. Mar. 28, 2014) (Illston, J.) ("A Coordinating Discovery Attorney, appointed

27 by the Court, has assisted defense counsel in electronically organizing the documents

28 received and maintaining a database which will allow for use of the materials at trial.");

-1-

1    See also United States v. Galloway, No. 1:17-CR-01235-WJ, 2018 WL 2994409, at *4

2    (D.N.M. June 14, 2018) (Johnson, C.J.) ("The Court has appointed a Coordinating

3    Discovery Attorney to assist counsel in organizing the material. [ ] The amount of

4    discovery produced was a consideration in taking this step, but the main reason for the

5    appointment was because the electronic nature of discovery production posed problems

6    for defense counsel's ability to access and utilize the material produced."); United States

7    v. Ledbetter, No. 2:14-CR-127, 2015 WL 5954587, at *2 (S.D. Ohio Oct. 14, 2015)

8    (Marbley, J.) ("[T]he Court also appointed a 'Coordinating Discovery Attorney' to

9    assist defense counsel 'in culling though the massive amounts of discovery the

10   Government has furnished.'").

11         The CDA is to oversee any discovery issues that are common to all the defendants

12   in these cases. The CDA's responsibilities will include:

13   (1) Managing and distributing discovery produced by the Government and relevant

14        third-party information common to all defendants;

15   (2) Assessing the amount and type of case data to determine what types of

16        technology should be evaluated and used so duplicative costs are avoided and the

17        most efficient and cost-effective methods are identified;

18   (3) Acting as a liaison with the prosecutors to ensure the timely and effective

19        exchange of discovery;

20   (4) Identifying, evaluating, and engaging third-party vendors and other litigation

21        support services;

22   (5) Assessing the needs of individual parties and identifying any additional vendor

23        support that may be required—including copying, scanning, forensic imaging,

24        data processing, data hosting, trial presentation, and other technology depending

25        on the nature of the case;

26   (6) Identifying any additional human resources that may be needed by the individual

27        parties for the organization and substantive review of information; and

28   (7) Providing training and support services to the defense teams as a group and

1    individually.

2    The CDA is to assess the most effective and cost-efficient manner to organize the

3    discovery with input from defense counsel. Discovery issues specific to any particular

4    defendant is to be addressed by defense counsel directly with the Government and not

5    through the CDA.

6    The Government is to provide discovery to the CDA unless otherwise agreed. To

7    avoid delay in providing discovery to defense counsel, any additional discovery not

8    already produced is to be provided directly to the CDA, who will duplicate and

9    distribute the discovery to all defense counsel. The Government is to work with the

10   CDA to provide discovery in a timely manner.

11   The CDA's duties will not include providing additional representation services,

12   and the CDA therefore will not be establishing an attorney-client relationship with any

13   of the defendants. Accordingly, the appointment of Mr. Ellis as the CDA in this case is

14   with the understanding that he will not provide any representational services for any of

15   the defendants in this case. Furthermore, the Court reserves the right to revoke this

16   appointment or modify existing and set additional guidelines for the CDA should the

17   CDA's actions at any time conflict with the defendants' Sixth Amendment right to

18   effective assistance of counsel and undivided loyalty of their attorney. See United

19   States v. Elliot, 463 F.3d 858, 865 (9th Cir. 2006) ("The Sixth Amendment guarantees

20   each criminal defendant the right to assistance of counsel unhindered by a conflict of

21   interests.") (internal citations and quotations omitted); see also United States v.

22   Hernandez, No. 14 CR 499 KBF, 2014 WL 4510266 (S.D.N.Y. Sept. 12, 2014) (Forrest,

23   J.) (Discussing the Sixth Amendment implications when appointing a CDA in a

24   criminal case.).

25   The CDA is to petition this Court, ex parte, for funds for outside services and is

26   to monitor all vendor invoices for these services including confirming the work was as

27   previously agreed. However, his time and the time spent by his staff will be paid by the

28   Administrative Office of the United States Courts, Defender Services Office. Any

1 | petition for outside services is to include a basis for the requested funds and a

2 | determination that the costs of the services are reasonable.

3 | The CDA may also provide this Court with ex parte status reports depicting the

4 | status of work and if any third-party services are used, whether those services remain

5 | within the budget authorized by the Court.

6 | The Clerk is directed to file this order on the docket of each above listed case

7 | number and is further directed to send a copy of this order to CJA Supervising Attorney

8 | Emily C. Bahr.

9 | IT IS SO ORDERED.

10 | DATED: May 18, 2021

HONORABLE MARILYN L. HUFF
UNITED STATES DISTRICT JUDGE

16 | Copy to:   Emily C. Bahr
17 |                  CJA Supervising Attorney